# State of Louisiana
## Secretary of State

03/06/2019

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

LIFE INSURANCE COMPANY OF NORTH AMERICA
C/O CIGNA CORPORATION
MR. MICHAEL A. JAMES, ESQUIRE
1601 CHESTNUT STREET, TWO LIBERTY PLACE
PHILADELPHIA, PA  19192

Suit No.: 85852
29TH JUDICIAL DISTRICT COURT
SAINT CHARLES PARISH

ERICA MATHERNE
vs
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: LEO KLING

Date: 03/04/2019
Title: DEPUTY SHERIFF

No: 1110318



SG

29TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. CHARLES

STATE OF LOUISIANA

**DIV. E**

**JUDGE**

**TIMOTHY S. MARCEL**

NO. 85,852

DIVISION

ERICA MATHERNE

VERSUS

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

FILED:_____         _____

DEPUTY CLERK

**PETITION**

The petition of Erica Matherne, respectfully states as follows:

I.

Petitioner Erica Matherne ("Matherne") is a person of the full age of majority and domiciliary of the Parish of St. Charles, State of Louisiana;

II.

The Prudential Insurance Company of America is a foreign insurer licensed to do business and doing business in the State of Louisiana ("Prudential").

III.

In November 2014 Matherne was employed on a full-time basis as a lab analyst by Occidental Chemical/OXY Inc., which provides an employee welfare benefit administered and insured by Prudential ("Policy"). The Policy was established and is administered in accordance with the Employee Retirement Income Security Act of 1974, 29 USC §1001 et. seq. (ERISA). The Policy provides, *inter alia*, that a disability benefit would be provided to covered employees, including Matherne.

IV.

Matherne filed an initial claim for disability benefits under the Policy on account of her inability to work because of a diagnosis of intracranial hypotension related to a lumbar puncture.

V.

Prudential approved Matherne's claim for long-term disability benefits and commenced payment in accordance with the policy on June 6, 2015. Matherne received benefits for the time period May 29, 2015 to February 10, 2017.

VI.

On February 10, 2017, Prudential denied Matherne's long-term disability claim because

Matherne's treating neurologist, John L. Freiberg, MD, opined in June 2016 that Matherne was "doing a little better and the plan was to taper off the pain medications." In this February 10, 2017 letter, Prudential also stated Dr. Freiberg opined in October 2016 that Matherne was able to work part-time. In the February 10, 2017 letter, Prudential acknowledged that "[w]e have recently contacted Dr. Freiberg regarding your capacity and to date we have not received a response."

## VII.

Dr. Frieberg consistently characterized Plaintiff's return to work as a "goal," which Prudential has mischaracterized as a medical opinion about the duration of Plaintiff's disability.

## VIII.

Matherne timely initiated an administrative appeal of this action, as required by ERISA, on April 20, 2017. In addition to a normative of the course of Matherne's medical condition, Matherne provided medical records (including new records) in support of her appeal.

## IX.

Included in the appeal was a March 21, 2017 email from Dr. Freiberg to Dr. Kitei. Dr. Freiberg responded to the consultant engaged by Prudential on March 21, 2017. Dr. Freiberg opined, "I am confident [Matherne] will be able to reenter the workforce, but she is not yet ready." Dr. Freiberg expressed a desire to "try to taper Morphine ER as soon as feasible." Dr. Freiberg also opined that "it may take up to a year to get her back on her feet, but hopefully less."

## X.

In response to specific questions from Prudential's Disability Claim Consultant on June 1, 2017, Dr. Freiberg informed Prudential that Matherne suffered from chronic headache related to CSF hypotension. Dr. Freiberg explained that Matherne has a "limited ability to be upright and exert self." Dr. Freiberg also opined that Matherne "cannot engage in activities with safety ramifications or be exposed to environmental extremes . . ." Dr. Freiberg estimated the limitations would apply for six months. Dr. Freiberg also completed an Attending Physician Statement on Prudential's form, in addition to completing a capacity questionnaire.

## XI.

On July 6, 2017, Prudential denied Matherne's administrative appeal of Prudential's February 2017 termination of her benefits. Prudential based this denial on a physician-reviewer's

opinion that there is "no clinical evidence of a CSF leak" and "the opening CSF pressure during lumbar puncture has been generally within normal limits." Prudential also informed Matherne that "as of December 2015, Dr. Freiberg reported your headaches were no longer caused by intracranial hypotension, but were chronic daily headaches and analgesic overuse headaches." In short, Prudential informed Matherne its consultant disagreed with Dr. Freiberg's diagnosis.

### XII.

As allowed by the Plan, Matherne requested reconsideration of the July 6, 2017 decision upholding the February 11, 2017 termination of benefits.

### XIII.

Prudential denied this request for reconsideration on May 18, 2018, despite a decision from the Social Security Administration on March 29, 2018, that Matherne is disabled because of her CSF leak, intracranial hypotension, headaches, loss of speech, and left sided weakness. Prudential reiterated that its physician-reviewer disagreed with Dr. Freiberg's diagnoses, including intracranial hypotension.

### XIV.

Prudential has and continues to violate its promise of a benefit to Matherne. It has acted in bad faith and has failed to fairly deal with Matherne by ignoring the opinion of her treating medical provider; by thoroughly discounting the credible evidence of disability presented by Matherne; and by ignoring the expert evidence submitted by its own retained medical expert.

### XV.

Prudential has and continues to act in the presence of a clear conflict of interest given that the benefits promised to Matherne are its direct liability. It functions as provider of the benefit, the funding source for the benefit, and the sole decider of entitlement to benefits. Review of her claim and Prudential's determination should be *de novo*, and no deference should be afforded Prudential's administrative decisions.

### XVI.

Matherne is entitled to relief under Section 502(a)(1)(B) of ERISA, 29 USC §1132 (a)(1)(B), specifically a judgment awarding her the full measure of disability benefits due under the Policy, with pre-judgment interest, from February 11, 2017 to date. Matherne is also entitled to a reasonable attorney's fee for the services performed on her behalf in both the administrative and litigation stages of her claim.

XVII.

Matherne prays for an order removing Prudential as the fiduciary entitled to make binding benefit determinations as to Matherne, should this Honorable Court remand her claim for further administrative decision making. Matherne prays for the appointment of an independent fiduciary.

WHEREFORE, Matherene prays that after due proceedings, judgment be entered on her behalf and against Prudential:

a) ordering Prudential to pay past due long-term disability benefits due to Matherne under the terms of the Policy;

b) ordering Prudential to reimburse Plaintiff's health insurance premiums under COBRA when Plaintiff was no longer eligible for employer-sponsored health insurance under the terms of the Policy;

c) ordering Prudential to pay pre-judgment interest on all past due benefits;

d) ordering Prudential to reinstate periodic payment of benefits;

e) ordering Occidental Chemical/OXY Inc. to reinstate Plaintiff's health insurance benefits under the terms of the Policy;

f) ordering Prudential to pay plaintiff's reasonable attorney's fees and costs;

g) removing Prudential as a fiduciary should any future considerations of his claim be necessary; and

h) granting such other relief as this Court deems just and equitable.

Respectfully submitted,

**ROBEIN, URANN, SPENCER, PICARD & CANGEMI, APLC**

Christina L. Carroll  (#29789)
2540 Severn Avenue, Suite 400
Metairie, LA 70002
Telephone:     (504) 885-9994
Facsimile:     (504) 885-9969
***Counsel for Erica Matherne***

PLEASE SERVE:

***Life Insurance Company of North America***
Through Honorable R. Kyle Ardoin
Secretary of State
State of Louisiana
8585 Archives Ave.
Baton Rouge, Louisiana 70809

CERTIFICATE OF THE CLERK
I hereby certify that a copy of the foregoing motion
has been served to all counsel of record
February 20, 19
C. Carroll